In re CURTIS et al.

(Supreme Court, Appellate Division, First Department.　May 11, 1900.)

ATTORNEY AND CLIENT—SUMMARY PROCEEDINGS—PETITION—VERIFICATION.

That petitioners in a summary proceeding to compel an attorney at law to pay over certain funds alleged to have been received by him in his professional capacity are nonresidents does not of itself excuse them from verifying their own statements, or authorize another attorney, on his own application, based on the unsworn and ex parte statements of his clients, to institute such a proceeding.

Appeal from special term, New York county.

Application by Theodore A. Curtis and William D. Johnson for a summary order to compel John F. Meyer, an attorney, to pay over funds advanced.　From an order appointing a referee to take proofs, defendant Meyer appeals.　Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

J. Delahunty, for appellant.

G. T. Goldthwaite, for respondent.

PATTERSON, J.　This is an appeal from an order appointing a referee to take proofs in a proceeding to compel an attorney at law to pay over certain funds, which, in a document called a "petition," it is alleged were received by the attorney in his professional capacity. The petition is not signed or verified by either of the petitioners named in it, and all the material averments are stated to be upon information and belief.　The document is signed by a third party, who appends to his signature the words, "Attorney for the Petitioners."　There is annexed to the petition an affidavit of the person who signed it, in which there is not even a statement that he is the attorney for the petitioners.　He states in the affidavit that it is true, except as to the matters therein stated to be alleged on information and belief, as to which matters he believes it to be true; that the source of his information and the grounds of his belief are conversations and correspondence had with one of the intended petitioners; and that the reason why the verification is not made by such petitioners, or either of them, is that they are without the state of New York, they being residents of Hartford, Conn.　The matter did not properly come before the court on this document.　There is no reason given why the petitioners themselves could not have signed and verified and put themselves in the position required of every suitor,—that he shall take the responsibility attached to the institution of judicial proceedings on his behalf.　The facts that the petitioners are residents of a neighboring state, and are absent from the state of New York, do not, standing alone, relieve them from the necessity of verifying their own statements, nor authorize an attorney of this court, upon his own application, based upon the unsworn and ex parte statements of his clients, to institute a summary proceeding of this character against another attorney at law.　The respondent has, however, answered the petition, and has under oath

denied the charges made against him. If, by so doing, he has waived objections to the manner in which the subject was brought before the court, and we are required to consider the merits of the application, then it is apparent from the written agreement entered into between the respondent and the intended petitioners that the money received by him did not come into his possession as an attorney at law, but under a contract with respect to certain business matters as to which he was employed, not because he was an attorney at law, or in the discharge of a duty exclusively pertaining to a professional relation, but in which any person, lawyer or layman, might have been engaged or employed.

The order appointing a referee to take proof of the facts must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.